**SOUTHERN MUSIC PUBLISHING CO., Inc., Plaintiff,**

v.

**SEECO RECORDS, INC., Defendant.**

United States District Court
S. D. New York.
May 12, 1960.

Julian T. Abeles, New York City (John S. Clark, New York City, of counsel), for plaintiff.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City (David A. Drexler, New York City, of counsel), for defendant.

THOMAS F. MURPHY, District Judge.

On this motion by plaintiff for partial summary judgment only two issues are raised, the principal one being whether an alleged custom and usage in the phonograph record manufacturing industry of paying the copyright holder only for records manufactured *and sold* is available as a question of fact for trial in the face of a statutory right in the copyright holder for a specified royalty payment on records *manufactured*. In other words, has the alleged custom and usage effected a binding interpretation of the statute?

We will assume that defendant could prove on trial that for 50 years every copyright holder acquiesced in receiving royalties based on records sold and never insisted on royalties for records manufactured. Yet such assumption raises only an issue of law, and that is, despite such custom and usage may a copyright holder now insist upon his express statutory right to the royalty on records manufactured?

Congress in 1909 amended the Copyright Law and in clear unequivocal language stated, inter alia: "And as a condition of extending the copyright control to such mechanical reproductions, that whenever the owner of a musical copyright has used or permitted or knowingly acquiesced in the use of the copyrighted work upon the parts of instruments serving to reproduce mechanically the musical work, any other person may make similar use of the copyrighted work upon the payment to the copyright proprietor of a royalty of 2 cents on each such part manufactured, to be paid by the manufacturer thereof; * * *." (17 U.S.C. § 1 (e) ).

Nowhere in the same subdivision does Congress use the word "sale," but throughout uses the word "manufacture." There is no ambiguity here, but rather, clear unmistakable intent (see Shapiro, Bernstein & Co. v. Remington Records, Inc., 265 F.2d 263, 269 (2d Cir., 1959), "[T]he number manufactured, not the number sold, is the royalty criterion * * *"), and while heretofore copyright holders have perhaps waived some of their rights, such custom and usage cannot change the meaning of the language or add a gloss thereto so as to dilute the rights conferred. Cf. Cudahy Packing Co. v. Narzisenfeld, 3 F.2d 567, 572 (2d Cir., 1924). Conceding that a copyright holder may *agree* to accept less than the statute entitles him to, no such agreement, express or implied, is asserted here by defendant.

Accordingly, the first affirmative defense is insufficient in law and will be stricken.

▪ The second affirmative defense, viz., that plaintiff is guilty of price discrimination in violation of the Robinson-Patman Act, 15 U.S.C.A. §§ 13, 13a, has been specifically abandoned by defendant. In its stead defendant maintains in its brief and affidavits that plaintiff should be accorded no relief because of its inequitable conduct since the commencement of this action. It is argued that plaintiff is prosecuting this action for the sole purpose of coercing and harassing defendant in connection with other actions that are pending, and that its purpose is to destroy defendant's good name and good will. The short answer to this defense is that if plaintiff has a valid cause of action, what its purpose is in pursuing it is of no moment in this proceeding.

Accordingly, plaintiff's motion for partial summary judgment on the issue of liability is granted.

Settle order.